123 T.C. No. 21


UNITED STATES TAX COURT


CLARA L. PREVO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5805-04L.                Filed December 14, 2004.


    On Feb. 23, 2004, R issued to P a Notice of
Determination Concerning Collection Action(s) for the
taxable years 1989, 1990, 1993, 1996, 1998, and 2000.
On Mar. 1, 2004, P filed a bankruptcy petition under
ch. 13 of the Bankruptcy Code.  On Mar. 29, 2004, P
filed a petition with the Court challenging R's notice
of determination.  On Mar. 31, 2004, the bankruptcy
court dismissed P's bankruptcy petition.  On May 24,
2004, P filed an amended petition.  R filed a motion to
dismiss for lack of jurisdiction in this case on the
ground that the petition was filed in violation of the
automatic stay imposed under 11 U.S.C. sec. 362(a)(8)
(2000).

Held: The Court lacks jurisdiction in this case on the ground the petition was filed in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8). R's motion to dismiss for lack of jurisdiction will be granted.

Clara L. Prevo, pro se.

Brianna Basaraba Taylor, for respondent.

OPINION

GERBER, Chief Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion presents an issue of first impression regarding the application of the automatic stay imposed under 11 U.S.C. section 362(a)(8) (2000) in a collection review proceeding brought in this Court pursuant to section 6320.[1] As discussed in detail below, we shall grant respondent's motion to dismiss.

Background

On February 23, 2004, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) for the taxable years 1989, 1990, 1993, 1996, 1998, and 2000. The notice of determination stated in pertinent part:

---

[1] Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended.

Summary of Determination

> After discussion of the Notice of Federal Tax Lien
> filing at conference, verification that all legal and
> procedural requirements were met, review of the
> compliance case file and information submitted by the
> taxpayer, it was determined that the issuance of the
> Notice of Federal Tax Lien Filing was appropriate, and
> the action is sustained.  The Lien was filed at the
> time the taxpayer's offer in compromise was being
> rejected.  The Taxpayer's proposed offer in compromise
> was not an acceptable collection alternative.  The
> taxpayer reports her current employment is a short term
> situation, and is unable to fund an offer or an
> installment agreement.  The taxpayer's account was
> previously closed as currently not collectible under
> hardship provisions and should revert to that status.

The record does not include a copy of the notice of Federal tax lien that is referred to in the notice of determination.

On March 1, 2004, petitioner filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Georgia.

On March 29, 2004, petitioner filed with this Court a petition for lien or levy action challenging respondent's notice of determination.[2]  At the time the petition was filed, petitioner's bankruptcy case had not been closed or dismissed, nor had the bankruptcy court granted or denied petitioner a discharge.  See 11 U.S.C. sec. 362(c)(2) (2000).

---

[2]At the time the petition was filed, petitioner resided in Austell, Ga.  The envelope in which the petition was mailed was postmarked Mar. 24, 2004.

On March 31, 2004, the bankruptcy court dismissed petitioner's bankruptcy case. On May 24, 2004, petitioner filed an amended petition with the Court.

On August 4, 2004, respondent filed a motion to dismiss for lack of jurisdiction. Respondent contends that the Court lacks jurisdiction because the petition was filed with the Court in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8). On August 18, 2004, petitioner filed a response in opposition to respondent's motion to dismiss.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction in a collection review proceeding brought pursuant to section 6320 generally depends upon the issuance of a valid notice of determination and a timely filed petition. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

This case presents an issue of first impression, whether the bankruptcy automatic stay under 11 U.S.C. section 362 (2000) bars the commencement of a proceeding with the Court pursuant to the collection review procedures established under section 6320.

Before proceeding with our analysis, we briefly review both the automatic stay provisions and the collection review procedures.

The Automatic Stay

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and, when necessary, the equitable distribution of the debtor's assets. See H. Rept. 95-595, at 340 (1977). One key to achieving these aims is the automatic stay, which generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate. See Allison v. Commissioner, 97 T.C. 544, 545 (1991); Halpern v. Commissioner, 96 T.C. 895, 897 (1991).

The automatic stay provisions are set forth in 11 U.S.C. section 362(a). Significantly, 11 U.S.C. section 362(a)(8) expressly bars "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." Unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d), the automatic stay generally remains in effect until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge, 11 U.S.C. sec. 362(c)(2); see Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991).

It is worth noting that the Commissioner is authorized, pursuant to the exception to the automatic stay set forth in 11

U.S.C. section 362(b)(9), to issue a notice of deficiency to a taxpayer in bankruptcy. See <u>Kieu v. Commissioner</u>, 105 T.C. 387, 391 (1995). Even though, as previously discussed, such a taxpayer would be barred from filing a petition for redetermination with this Court so long as the automatic stay remained in effect, Congress established a procedure to permit such a taxpayer to invoke the Court's deficiency jurisdiction under section 6213(a) after the bankruptcy proceedings are completed. Specifically, section 6213(f) provides that the statutory period for filing a timely petition with the Court under section 6213(a) is suspended for the period during which the taxpayer is prohibited by reason of the automatic stay from filing a petition for redetermination and for 60 days thereafter. See <u>Olson v. Commissioner</u>, 86 T.C. 1314, 1318-1319 (1986) (and cases cited therein). We observe that the benefits of section 6213(f) may apply whether a notice of deficiency is mailed before or after the filing of a bankruptcy petition. See <u>McClamma v. Commissioner</u>, 76 T.C. 754 (1981).

<u>Collection Review Procedures</u>

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes when a demand for the payment of the person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the

Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003). From the taxpayer's perspective, the filing of such a lien may have the negative effects of creating a cloud on the taxpayer's title to property and impairing the taxpayer's creditworthiness. See, e.g., Magana v. Commissioner, 118 T.C. 488 (2002).

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide specified protections for taxpayers in tax collection matters. Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing

generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate. To obtain judicial review, the person must file a petition with the appropriate court within 30 days of the mailing of the notice of determination. Sec. 6330(d)(1); Offiler v. Commissioner, 114 T.C. at 498. Notably, there is no provision analogous to section 6213(f) in section 6320 or 6330 that tolls the statutory period for filing a timely petition for lien or levy action for the period during which the person is prohibited by reason of the automatic stay from filing such a petition.[3]

Analysis

Consistent with the plain language of 11 U.S.C. section 362(a)(8), which expressly bars "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor", we conclude that the petition for lien or levy action in this case was filed in violation of the automatic stay, and, therefore, we lack jurisdiction. In short, there is no exception to the automatic stay under 11 U.S.C.

---

[3]Sec. 6320 is effective with respect to collection actions initiated more than 180 days after July 22, 1998 (Jan. 19, 1999). See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 750.

section 362(b) permitting the commencement of a proceeding in this Court, nor is there any suggestion in the record that the bankruptcy court granted petitioner relief from the automatic stay under 11 U.S.C. section 362(d). Under the circumstances, the automatic stay remained in effect until March 31, 2004--the date that the bankruptcy court dismissed petitioner's bankruptcy case. See 11 U.S.C. sec. 362(c)(2).

Unfortunately here, where the petition in bankruptcy was voluntary, petitioner has fallen victim to a trap for the unwary. As the notice of determination was issued to petitioner on February 23, 2004, petitioner normally would have had 30 days--until March 24, 2004--to file a timely petition for lien or levy action with the Court. However, upon the filing of the bankruptcy petition on March 1, 2004, the automatic stay was invoked, and petitioner was barred from commencing a proceeding in this Court.[4] Further, the automatic stay remained in effect until March 31, 2004--7 days after the 30-day statutory filing period under sections 6320(c) and 6330(d) expired. Thus, but for the provisions of section 11 U.S.C. section 362(a)(8) and

---

[4]Had petitioner first filed a petition with this Court and then filed a bankruptcy petition, the proceeding before this Court would have been active and then stayed, thereby preserving petitioner's ability to contest respondent's determination.

the lack of a tolling provision analogous to section 6213(f), this Court would have jurisdiction over this case.[5]

We emphasize and note that Congress did not include in sections 6320 and 6330 a tolling provision comparable to section 6213(f) that would extend the period for petitioner to file a petition for lien or levy action with the Court. Although the outcome in this case appears harsh, the gap in the collection review procedures that this case highlights is not one that can be closed by judicial fiat. A remedy, if any, must originate with Congress. In the end, we are obliged to grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered.</u>

---

[5]See, however, sec. 6330(d), which provides in part: "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court". We do not decide herein whether our determination in this opinion that we lacked jurisdiction over the petition filed during the pendency of petitioner's bankruptcy case means that we are or are not the "incorrect" court for purposes of the above-quoted flush language. If we were the "incorrect" court, petitioner would have 30 days from the date decision is entered in this case to refile in the "correct" court. That issue, however, is not currently before the Court and was not briefed by the parties.