T.C. Summary Opinion 2008-111

UNITED STATES TAX COURT

LONNIE C. AND TRACEY Y. LAKES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28030-07S.               Filed August 26, 2008.

Tracey Y. Lakes, pro se.

<u>Jennifer K. Martwick</u> and <u>James H. Brunson III</u>, for
respondent.

RUWE, <u>Judge</u>:  This case was brought pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

this opinion is not to be treated as precedent for any other case. The petition in this case was filed pursuant to two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination). The case is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented (motion to dismiss). The only issue is whether petitioners timely filed their petition with the Court as prescribed by section 6330(d).

This case was calendared for hearing on respondent's above-referenced motion at Atlanta, Georgia, on September 15, 2008. Upon further review of the motion and response, it is clear that petitioners did not timely file their petition as prescribed by section 6330(d). Therefore respondent's motion to dismiss for lack of jurisdiction will be granted.

Background

Respondent's Appeals Office sent to petitioners, by certified mail, two notices of determination, dated and postmarked October 11, 2007. The first pertained to a proposed levy action with respect to petitioners' unpaid income tax liabilities for tax year 2001.[2] The second pertained to the filing of a notice of Federal tax lien with respect to

---

[2] Petitioners' tax year 2001 liability was previously determined by stipulated decision at docket No. 12505-05S.

petitioners' unpaid income tax liabilities for tax years 2002 and 2003.

Petitioners' initial incomplete petition, contesting the notices of determination for tax years 2001, 2002, and 2003, was received by the Court on December 4, 2007, in an envelope postmarked November 29, 2007.[3]  Petitioners filed an amended petition on February 1, 2008.

Respondent, subsequently, filed a motion to dismiss for lack of jurisdiction upon the ground that the petition was not timely filed.

Petitioners objected to respondent's motion to dismiss, alleging that their petition was timely filed.  Petitioners, however, did not deny that the notices of determination were mailed to them on the aforementioned date, did not dispute the date on which their initial incomplete petition was mailed and filed with the Court, and provided no evidence of a timely filing of their petition.

<u>Discussion</u>

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by

---

[3] Petitioners' petition also purports to contest a collection action for the tax year 2004.  Respondent states that no notice of determination was mailed to petitioners with respect to tax year 2004.  Moreover, the record is devoid of any indication that respondent has initiated any collection activities with respect to petitioners' 2004 tax year.

Congress.  Sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  Our jurisdiction in a collection review proceeding brought pursuant to section 6320 or section 6330 generally depends upon the issuance of a valid notice of determination and a timely filed petition.  <u>Prevo v. Commissioner</u>, 123 T.C. 326, 328 (2004); see also <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000).

When a taxpayer wishes to invoke this Court's jurisdiction to challenge a notice of determination regarding a lien or levy action, the taxpayer must file his petition with this Court within the statutorily provided period.  Section 6330(d)(1) provides:

> SEC. 6330. NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.
>
> *     *     *     *     *     *     *
>
> (d) Proceeding After Hearing.--
>
> (1) Judicial review of determination.-- The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

In this case the two notices of determination were dated and mailed on October 11, 2007.  It follows that the 30-day period to file a petition with this Court commenced on October 12, 2007.  See secs. 301.6320-1(f)(1), 301.6330-1(f)(1), Proced. & Admin. Regs.

Petitioners' petition was received by this Court on December 4, 2007. The envelope in which it was received bore a U.S. Postal Service postmark date of November 29, 2007. With the benefit of the timely-mailing/timely-filing provision in section 7502, petitioners' petition would be deemed filed with the Court as of November 29, 2007, which is 49 days after the date of the notices of determination. Because petitioners' petition was filed more than 30 days after the date of the notices of determination, this Court lacks jurisdiction over petitioners' claims in this proceeding. See sec. 6330(d).

Since petitioners' petition, which challenges the notices of determination for tax years 2001, 2002, and 2003, was not timely filed pursuant to section 6330(d), we shall grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.