T.C. Memo. 2009-307

UNITED STATES TAX COURT

LEE D. AND LINDA OLESEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28764-08L.          Filed December 28, 2009.

Steven Ray Mather, for petitioners.

Elaine Tamiko Fuller, for respondent.

MEMORANDUM OPINION

KROUPA, Judge:  This matter is before the Court on
respondent's motion in limine to exclude evidence challenging the
amount or existence of unpaid liabilities.  Petitioners filed the
petition in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and/or 6330

(determination notice).[1]  We are asked to decide whether petitioners may contest the amount of the section 6662(h) penalty for an underpayment attributable to gross valuation misstatements (underpayment penalty) by introducing evidence of a Son of BOSS[2] settlement initiative respondent offered.  We find that petitioners are not entitled to introduce evidence challenging the amount of the underpayment penalty because they received a deficiency notice and are precluded from challenging the underlying liability in this collection review proceeding.  Accordingly, we shall grant respondent's motion in limine.

## Background

The following information is stated for purposes of resolving the pending motion.  Petitioners resided in Colorado at the time they filed the petition.

The Settlement Initiative

Petitioners participated in a Son of BOSS transaction involving Pasa Tiempo Investments, LLC (Pasa Tiempo) in 2001.  The Commissioner announced a settlement initiative to provide taxpayers who participated in Son of BOSS transactions with an opportunity to resolve their tax liabilities and avoid

---

[1]All section references are to the Internal Revenue Code.

[2]Son of BOSS transactions allow a taxpayer to reduce or eliminate capital gains by creating artificial losses through the transfer of assets laden with significant liabilities to a partnership.

litigation. See IRS Announcement 2004-46, 2004-1 C.B. 964. The settlement initiative reduced underpayment penalties for taxpayers who voluntarily disclosed their involvement in Son of BOSS transactions and conceded all tax benefits before June 21, 2004.

Taxpayers needed to submit a completed election form to the Commissioner by June 21, 2004 to participate in the settlement initiative. The Commissioner would determine an individual taxpayer's eligibility only after receiving the taxpayer's completed election form. The taxpayer would need to provide additional information and documentation within 60 days of the notice of eligibility before the Commissioner could issue a Form 906, Closing Agreement on Final Determination Covering Specific Matters (closing form), to confirm the taxpayer's participation in the settlement initiative. Taxpayers who did not elect to participate in the settlement initiative would receive a deficiency notice disallowing all losses from the Son of BOSS transaction and assessing the maximum underpayment penalties.

Respondent mailed a notice of the settlement initiative and an election form to petitioners on June 16, 2004. Respondent mailed a followup letter to petitioners at the same address on September 24, 2004. Respondent stated in the followup letter that he had not received petitioners' election form and requested additional information from petitioners within 14 days to

determine petitioners' eligibility for the settlement initiative. Petitioners failed to file an election and to provide respondent with information regarding their Son of BOSS transaction in Pasa Tiempo within the specified time. Petitioners did not receive a closing form and were ineligible for the settlement initiative.

The Deficiency Notice and Assessment

Respondent issued a deficiency notice to petitioners for 2001 on November 2, 2005. Respondent determined in the deficiency notice that Pasa Tiempo lacked economic substance and disallowed all of the Pasa Tiempo items petitioners claimed, resulting in the deficiency for 2001. Respondent also determined that petitioners were liable for the section 6662(h) penalty for an underpayment attributable to gross valuation misstatements. Respondent mailed the deficiency notice to the address to which respondent sent settlement initiative correspondence. This was the same address petitioners provided on their income tax returns for 2004 and 2005. Respondent prepared a certified mail list recording that the deficiency notice was sent to petitioners by certified mail. The deficiency notice was not returned to respondent as undeliverable.

Petitioners did not file a petition to contest the determinations in the deficiency notice. Respondent thereafter assessed the deficiency and the penalty determined in the deficiency notice.

The CDP Hearing

Petitioners failed to pay the assessments, and respondent issued two notices of Federal tax lien to petitioners. Petitioners timely requested a collection due process (CDP) hearing with respondent for administrative review of the collection action. During the hearing petitioners raised only the appropriateness of the underpayment penalty on the ground that they timely elected to participate in the settlement initiative. Neither petitioners nor their counsel denied during the CDP hearing that they received the deficiency notice for 2001. In fact, petitioners' counsel conceded that a deficiency notice had been issued for 2001 but erroneously stated that it was issued on a date later than the date it was issued.

Respondent's Appeals officer issued the determination notice following the CDP hearing. The Appeals officer determined that petitioners were precluded from challenging the underlying liability for 2001 because they had received the deficiency notice. The Appeals officer's determination was based on the facts that the deficiency notice had been sent to petitioners' last known address by certified mail and that petitioners did not deny receiving it. The Appeals officer further determined that petitioners had not timely elected to participate in the settlement initiative and that the underpayment penalty amount was therefore correct.

Petitioners filed a timely petition with this Court seeking review of the determinations in the determination notice. Specifically, petitioners seek to abate the underpayment penalty in this collection review matter. Petitioners also argue in the petition that respondent abused his discretion in filing the Federal tax lien. Respondent filed a motion in limine to exclude all evidence, both testimony and documentary, challenging the underlying liability.

## Discussion

We are asked to decide in this collection review matter whether petitioners may introduce evidence of a Son of BOSS settlement initiative to challenge the amount of the underpayment penalty for 2001. Respondent argues that they may not because they received the deficiency notice for 2001. Petitioners now argue in objecting to respondent's motion in limine that they did not receive the deficiency notice.

We begin with a brief overview of our jurisdiction in collection review cases. A lien in favor of the United States is placed on all property and rights to property of a taxpayer when demand for payment of that person's liability for taxes is made and the person fails to pay those taxes. Sec. 6321. The lien arises when the assessment is made. Sec. 6322. The Secretary shall furnish the taxpayer described in section 6321 with written notice that a lien was filed. Sec. 6320. The taxpayer may then

request an administrative hearing to be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). After the hearing, the Appeals officer is required to make a determination that addresses issues the taxpayer raised, verifies that all requirements of applicable law and administrative procedures have been met, and balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). The taxpayer may then seek judicial review of the determination notice in this Court. See sec. 6330(d); Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Our jurisdiction to review a CDP determination is dependent on the issuance of a valid notice of determination and a timely filed petition for review. See sec. 6330(d)(1); Prevo v. Commissioner, 123 T.C. 326, 328 (2004). A taxpayer may raise at the CDP hearing any relevant issue regarding the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. See sec. 6330(c)(2)(A); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). A challenge to the amount of an assessed penalty constitutes a challenge to the underlying liability. Montgomery v. Commissioner, 122 T.C. 1, 7-

8 (2004). A taxpayer cannot challenge the underlying liability in a CDP hearing if the taxpayer received a deficiency notice. Sec. 6330(c)(2)(B); Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007).

Generally, we will not review an underlying liability when it is challenged for the first time on appeal of a determination notice. Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). We will review, however, the Appeals officer's verification of the administrative requirements, such as the issuance of a deficiency notice, without regard to whether the taxpayer raised it at the Appeals hearing. Hoyle v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 11). Accordingly, we have jurisdiction in this collection review proceeding to verify the Appeals officer's determination that petitioners received the deficiency notice and are therefore precluded from challenging the underlying liability.

We agree with the Appeals officer that the record establishes that petitioners received a deficiency notice for 2001. Respondent issued the deficiency notice to petitioners' last known address as provided on their returns for 2004 and 2005. See Armstrong v. Commissioner, 15 F.3d 970, 973-974 (10th Cir. 1994), affg. T.C. Memo. 1992-328.[3] Furthermore,

---

[3]We follow the Court of Appeals opinion squarely on point when appeal from our decision would lie in that court absent
(continued...)

respondent's production of a certified mail list recording the mailing of the deficiency notice creates a strong presumption that the notice was mailed and was delivered or offered for delivery at the address to which it was sent. See Casey v. Commissioner, T.C. Memo. 2009-131. Receipt of the deficiency notice is presumed in the absence of clear evidence to the contrary. See Sego v. Commissioner, supra at 611. Petitioners failed to produce evidence to rebut the presumption that they received the deficiency notice. In fact, petitioners' counsel's concessions during the CDP hearing further support the Appeals officer's determination that petitioners received the deficiency notice. Accordingly, we find that petitioners received a deficiency notice for 2001 and are therefore precluded from introducing evidence of the Son of BOSS settlement initiative to challenge the underpayment penalty.

We have considered all of the contentions and arguments of the parties that are not discussed, and we find them to be without merit, irrelevant or moot.

---

[3](...continued)
stipulation by the parties to the contrary. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). We agree with respondent that appeal would lie in the Court of Appeals for the Tenth Circuit on account of petitioners' legal residence at the time the petition was filed, and not the location of petitioners' last known address. See sec. 7482(b)(1)(A).

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.