T.C. Memo. 2008-157

UNITED STATES TAX COURT

ERICH S. AND LINDA A. YESSE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21745-05L.                    Filed June 23, 2008.

Elliott K. Braverman, for petitioners.

Kristina L. Rico, for respondent.


MEMORANDUM OPINION

GALE, Judge:  This is a section 6330[1] proceeding for review

of respondent‹s determination to proceed by levy to collect

_____

[1]Unless otherwise noted, all section references are to the
Internal Revenue Code as in effect for 1985 and 1986 with respect
to the underlying liabilities or as presently in effect with
respect to review of collection actions under sec. 6330.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

unpaid income taxes with respect to petitioners' 1985 and 1986 taxable years.  Pending before the Court is respondent's motion for summary judgment.

As discussed more fully below, we conclude that there are no genuine issues of material fact, and respondent is entitled to judgment as a matter of law.

## Background[2]

At the time the petition was filed, petitioners resided in Pennsylvania.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for taxable year 1985 on April 15, 1986.  On August 18, 1995, respondent sent petitioners a statutory notice of deficiency, determining deficiencies for petitioners' 1985 and 1986 taxable years, as well as fraud additions under section 6653(b)[3] against petitioner Erich S. Yesse (Mr. Yesse) for both taxable years.[4]  Petitioners received the notice of deficiency.

---

[2]The following findings are established in the record, have been stipulated, and/or are undisputed.

[3]Sec. 6653(b), applicable in 1985 and 1986, was in substantial form recodified as sec. 6663 in 1989 for returns due after Dec. 31, 1989.  Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, sec. 7721, 103 Stat. 2395.

[4]The Court dismissed this case as to the income tax liability for taxable year 1986, excluding the fraud addition, for lack of jurisdiction.  See infra note 5.

Petitioners did not petition the Tax Court with respect to the notice of deficiency. Consequently, respondent assessed the deficiencies, including the fraud additions, on March 25, 1996.

On February 8, 2005, respondent sent Final Notices--Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioners with respect to the unpaid income tax liability, excluding the fraud addition, for 1985[5] and to Mr. Yesse with respect to the fraud additions for 1985 and 1986. Petitioners timely submitted a request for a hearing with respect to both notices.

During their hearing respondent's Appeals officer advised petitioners that she would not consider challenges to the underlying liabilities because petitioners had received a statutory notice of deficiency concerning them and had failed to petition the Tax Court. Petitioners indicated that they wanted respondent's Appeals Office to consider an offer-in-compromise based on doubt as to liability. However, petitioners did not submit an offer-in-compromise during the hearing.

On October 21, 2005, the Appeals Office issued petitioners a Notice of Determination Concerning Collections Action(s) Under

---

[5]Earlier, on Jan. 14, 2004, respondent had sent petitioners a notice of intent to levy with respect to the unpaid income tax liability, excluding the fraud addition, for 1986. Because petitioners< request for a hearing under sec. 6330 concerning the Jan. 14, 2004, notice was untimely, they received an equivalent hearing, and respondent<s motion to dismiss for lack of jurisdiction over this portion of the liability was granted.

Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy.

Petitioners timely petitioned the Court in response to the notice of determination. Thereafter, respondent filed the pending motion for summary judgment, to which petitioners responded. Subsequently, the parties were allowed to submit additional memoranda of law in support of their positions.

## Discussion

Summary judgment "is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before any levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Commissioner's Office of Appeals, and at the hearing the Appeals officer or employee conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  The taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the proposed levy.  Sec. 6330(c)(2)(A).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency with respect thereto or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account:  (i) The verification that the requirements of any applicable law or administrative procedure have been met, (ii) the relevant issues raised by the taxpayer, (iii) the

challenges to the underlying tax liability by the taxpayer, where permitted, and (iv) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

In the case of the determination at issue, which pertains to the income tax, we have jurisdiction to review the Appeals officer's determination by virtue of section 6330(d)(1)(A), before its amendment in the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019.[6]  See Iannone v. Commissioner, 122 T.C. 287, 290 (2004).

Respondent contends that he is entitled to summary judgment because the only issues petitioners raised in connection with their hearing were challenges to the underlying tax liabilities which were precluded under section 6330(c)(2)(B) because petitioners received a notice of deficiency with respect to the underlying liabilities.

Petitioners contend that respondent's Appeals officer abused her discretion by refusing to consider during the hearing an offer-in-compromise based upon doubt as to liability.  Respondent

---

[6]Sec. 6330(d)(1) has been amended to give this Court jurisdiction to review all determinations under sec. 6330, effective for determinations made after 60 days after Aug. 17, 2006.  Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019.  The determination in this case was made on Oct. 21, 2005.

argues that petitioners never submitted an offer-in-compromise and that, in any event, an offer-in-compromise based on doubt as to liability would constitute an impermissible challenge to the underlying liability.

Petitioners argue that there was an abuse of discretion in the failure to consider their offer-in-compromise[7] because there was substantial doubt as to their liability for the 1985 deficiency and the 1985 and 1986 fraud additions.  In petitioners' view, there is substantial doubt because the notice of deficiency for their 1985 and 1986 taxable years was mailed more than 3 years after their returns for those years were filed and consequently after the period of limitations on assessment had expired, see sec. 6501(a), and because respondent may rely upon the unlimited assessment period provided in section 6501(c)(1) only upon a showing by clear and convincing evidence

---

[7]Although petitioners concede that they did not actually submit a specific offer-in-compromise based on doubt as to liability to the Appeals officer conducting their sec. 6330 hearing they argue that the Appeals officer's stated unwillingness to consider any such offer-in-compromise was the cause of their failure.  Since, as discussed hereinafter, any consideration at the sec. 6330 hearing of an offer-in-compromise based on doubt as to liability would have been precluded under sec. 6330(c)(2)(B), it is immaterial whether petitioners' failure to submit an actual offer-in-compromise was attributable to the Appeals officer's representations.  We note, however, that respondent alleges, the Appeals officer's case activity records document, and petitioners have not specifically disputed that the Appeals officer advised petitioners' representative that if they wished to dispute the liability they should seek audit reconsideration or submit an offer-in-compromise (outside their sec. 6330 hearing).

that the returns were fraudulent, which respondent has not done, see sec. 7454(a); Rule 142(b). Respondent counters that the period of limitations on assessment remained open pursuant to section 6501(c)(1) because petitioners' returns for 1985 and 1986 were fraudulent, as determined in the notice of deficiency issued to petitioners for those years. Since petitioners received the notice of deficiency and failed to timely petition the Tax Court, respondent argues, they may not challenge the underlying liability, including the fraud additions, either directly, or indirectly by raising an offer-in-compromise based on doubt as to liability, in a section 6330 collection proceeding.

We agree with respondent. In Baltic v. Commissioner, 129 T.C. 178, 183 (2007), we held that a challenge to the amount of the tax liability made in the form of an offer-in-compromise based on doubt as to liability by a taxpayer who has received a notice of deficiency is a challenge to the underlying liability precluded by section 6330(c)(2)(B). We conclude that under Baltic it was not an abuse of discretion for the Appeals officer to refuse to consider at the section 6330 hearing an offer-in-compromise by petitioners premised on Mr. Yesse's asserted doubtful liability for the fraud additions, because such an offer-in-compromise would constitute a challenge to the underlying tax liability. Although not defined in the statute or the legislative history, the term "underlying tax liability" as

used in section 6330 is "a reference to the amounts that the Commissioner assessed for a particular tax period * * * [and] may encompass an amount assessed following the issuance of a notice of deficiency under section 6213(a)". Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004). For the years at issue, the punishment for fraud was an addition to tax, see sec. 6653, and such additions to tax, as well as penalties, "shall be assessed, collected, and paid in the same manner as taxes", and any reference to "tax" imposed by the Internal Revenue Code "shall be deemed also to refer to the additions to the tax" and penalties, sec. 6662(a).[8] Petitioners admit that they received the notice of deficiency that determined fraud additions against Mr. Yesse for 1985 and 1986 and decided against petitioning the Tax Court on the basis of "apparent improper legal advice". Consequently, petitioners' opportunity to dispute the fraud additions (and the 1985 deficiency[9]) in the Tax Court before

---

[8]In 1989 sec. 6662(a) was recodified as sec. 6665(a), and as previously noted, sec. 6653(b) was in substantial form recodified as sec. 6663 with fraud redesignated as a "penalty" rather than "addition to tax", effective for returns due after Dec. 31, 1989. See OBRA sec. 7721.

[9]The fraud addition for 1985 determined and assessed against Mr. Yesse suspends the period of limitations on assessment for the 1985 deficiency with respect to both petitioners. See Ballard v. Commissioner, 740 F.2d 659, 663 (8th Cir. 1984), affg. in part and revg. in part T.C. Memo. 1982-466; Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970).

paying them[10] ended with the expiration of the 90-day period in which they could have petitioned the Tax Court with respect to the notice of deficiency.  Under <u>Baltic</u> they may not resurrect that opportunity by raising an offer-in-compromise based on doubt as to liability in a section 6330 proceeding.  The Appeals officer's refusal to consider their offer-in-compromise was therefore no abuse of discretion.

Finally, as recorded in the notice of determination, the Appeals officer verified that the requirements of applicable law and administrative procedure had been met and took into account whether any proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).  Petitioners have identified no specific infirmities in the foregoing not heretofore addressed.

<u>Conclusion</u>

Since we have found that the Appeals officer's refusal to consider an offer-in-compromise based on doubt as to liability was not an abuse of discretion, we conclude that no genuine

---

[10]As part of their claim that their offer-in-compromise based on doubt as to liability should have been considered, petitioners insist that respondent would be unable to demonstrate fraud by clear and convincing evidence in any refund litigation. Because petitioners received a notice of deficiency regarding the fraud additions, they may not dispute them in a sec. 6330 proceeding, either directly or indirectly through their offer-in-compromise.  Accordingly, their contentions regarding the outcome of any refund litigation are irrelevant.

issues of material fact remain and hold that respondent is entitled to judgment as a matter of law that he may proceed with the proposed levy to collect petitioners' income tax liabilities for 1985 and 1986. Accordingly, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.