NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0128n.06

No. 09-1485

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 26, 2010**
LEONARD GREEN, Clerk

DANIEL J. STADNYK and BRENDA J. STADNYK,

     Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

     Respondent-Appellee.

          ON APPEAL FROM THE UNITED
          STATES TAX COURT

_____/

BEFORE:    GUY, CLAY, and KETHLEDGE, Circuit Judges.

     **CLAY, Circuit Judge.** Petitioners Daniel and Brenda Stadnyk appeal from the order entered by the United States Tax Court denying their petition for redetermination of a deficiency. For the reasons set forth below, we **AFFIRM** the Tax Court's order.

## BACKGROUND

     On December 11, 1996, Petitioners purchased a used 1990 Geo Storm from Nicholasville Road Auto Sales, Inc. ("Nicholasville Auto") for $3,430.00. Brenda Stadnyk tendered two checks to Nicholasville Auto as partial payment, check number 1080 for $100 and check number 1087 for $1,100, from a checking account with Bank One, Kentucky, N.A. ("Bank One"). After Petitioners drove approximately seven miles from the dealership, the car broke down. Petitioners spent $479.78 to repair the car. They attempted to call Nicholasville Auto about the Geo Storm, but their calls were ignored, placed on hold for long periods of time, and not returned.

Because of their dissatisfaction with the car, Mrs. Stadnyk contacted Bank One to place a stop payment order on check number 1087 for $1,100. Bank One's record of the stop payment order indicates "dissatisfied purchase" as the reason for the stop payment. However, Bank One incorrectly stamped the check "NSF" for insufficient funds and returned it to Nicholasville Auto. On February 4, 1997, Nicholasville Auto filed a criminal complaint against Mrs. Stadnyk for issuing and passing a worthless check in the amount of $1,100.

At approximately 6:00 p.m. on February 23, 1997, officers of the Fayette County Sheriff's Department arrested Mrs. Stadnyk at her home in the presence of her husband, her daughter, and a family friend, and transported her to the Fayette County Detention Center. She arrived at the detention center at approximately 6:30 p.m., and she was handcuffed, photographed, and confined to a holding area. At approximately 11:00 p.m., Mrs. Stadnyk was transferred to Jessamine County Jail, where she was searched via pat-down and use of an electric wand. Mrs. Stadnyk was required to undress to her undergarments, remove her brassiere in the presence of officers, and put on an orange jumpsuit. She was released on bail at approximately 2:00 a.m. on February 24, 1997. On April 23, 1997, Mrs. Stadnyk was indicted for "theft by deception over $300.00" based on the returned check marked for insufficient funds. These charges were later dropped.

Mrs. Stadnyk testified that she did not suffer any physical injury as a result of her arrest and detention. According to Mrs. Stadnyk, nobody put their hands on her, grabbed her, jerked her around, bruised her, or hurt her. As a result of the incident, Mrs. Stadnyk visited a psychologist every 1.5 to two weeks for approximately eight sessions. The cost of these sessions was covered by

Mrs. Stadnyk's insurance and employer. Mrs. Stadnyk did not pay any out-of-pocket medical expenses for physical injury or mental distress as a result of the arrest and detention.

On August 25, 1999, Mrs. Stadnyk filed a Complaint against J.R. Maze, the owner of Nicholasville Auto, Nicholasville Auto, and Bank One. On July 5, 2000, she filed a First Amended Complaint, alleging that Bank One breached its fiduciary duty of care by improperly and negligently marking her check "NSF" for insufficient funds. Mrs. Stadnyk's First Amended Complaint also included the following claims against J.R. Maze and Nicholasville Auto: malicious prosecution, abuse of process, false imprisonment, defamation, and outrageous conduct. The First Amended Complaint repeated and incorporated by reference these allegations against Bank One.

On March 7, 2002, Mrs. Stadnyk entered into a mediation agreement with Bank One, under which Bank One agreed to pay Mrs. Stadnyk $49,000 to settle her claims and provide her with a letter of apology. In return, Mrs. Stadnyk agreed to dismiss her complaint against Bank One. The mediation agreement form stated that "Bank One shall pay the total sum of $49,000, by 3/15/02, by official check" and that "[t]he suit shall be dismissed with prejudice with each party to pay their own costs & fees." (App. at 206). It contained no language indicating the purpose for which the settlement was paid. On March 14, 2002, Bank One issued a check to Mrs. Stadnyk for $49,000, and on May 3, 2002, Mrs. Stadnyk's complaint against Bank One was dismissed with prejudice.[1]

During the trial before the Tax Court, Mrs. Stadnyk testified that her attorney, the attorney for Bank One, and the mediator all advised her that the settlement proceeds would not be subject to

---

[1]Mrs. Stadnyk's claims against J.R. Maze and Nicholasville Auto had already been dismissed with prejudice pursuant to an order entered on June 8, 2001. The record contains no information as to the terms of the dismissal.

income tax. Based on this advice, the Stadnyks did not report the $49,000 settlement on their 2002 Form 1040 income tax return, although Bank One issued Mrs. Stadnyk a Form 1099-MISC reporting the payment of the $49,000 settlement. On March 14, 2005, Respondent issued a notice of deficiency to Petitioners, after determining that Petitioners were liable for a tax deficiency of $13,119.00 and an accuracy-related penalty of $2,624.00 under Internal Revenue Code ("I.R.C.") § 6662(a). Petitioners timely appealed to the Tax Court. On January 12, 2009, the Tax Court ruled in favor of Respondent with respect to the deficiency and in favor of Petitioners with respect to the penalty. On April 15, 2009, Petitioners filed a timely notice of appeal.

**DISCUSSION**

**I. Standard of Review**

We review the Tax Court's conclusions of law *de novo* and its findings of facts for clear error. *Limited, Inc. v. Comm'r*, 286 F.3d 324, 331 (6th Cir. 2002). We will conclude that a factual finding is clearly erroneous only if, upon review of the entire record, we are "'left with the definite and firm conviction that a mistake has been committed.'" *Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir. 2002) (quoting *Sanford v. Harvard Indus.*, Inc., 262 F.3d 590, 595 (6th Cir. 2001)).

**II. The Definition of Income Under I.R.C. § 61(a)**

Under I.R.C. § 61(a), taxpayers are liable for all gross income, which is defined as "all income from whatever source derived." 26 U.S.C. § 61(a). The Supreme Court has instructed that § 61 "be construed liberally 'in recognition of the intention of Congress to tax all gains except those specifically exempted.'" *Greer v. United States*, 207 F.3d 322, 326 (6th Cir. 2000) (quoting *Comm'r*

*v. Glenshaw Glass Co.*, 348 U.S. 426, 430, 75 S. Ct. 473, 99 L. Ed. 483 (1955)). Nevertheless, the I.R.C. provides for a number of exclusions from income.

Petitioners argue that the $49,000 settlement award Mrs. Stadnyk received from Bank One does not classify as income under I.R.C. § 61(a) because Mrs. Stadnyk was made whole–not enriched–by the compensatory damages. Petitioners cite to *Glenshaw* for the proposition that the term "income" for tax purposes is commonly defined as all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." 348 U.S. at 431. According to Petitioners, because Mrs. Stadnyk's award was compensation for something she had lost, not an "accession to wealth," her settlement award does not classify as income under § 61(a).

However, Petitioners' reliance on *Glenshaw* for the proposition that income does not include compensatory damages awards is misplaced. In *Glenshaw*, the Supreme Court observed that it "has given a liberal construction to this broad phraseology [of income] in recognition of the intention of Congress to tax all gains except those specifically exempted." *Id.* at 430 (internal citations omitted). On multiple subsequent occasions, the Supreme Court has reaffirmed the "sweeping scope" of I.R.C. § 61(a). *See Comm'r v. Schleier*, 515 U.S. 323, 327, 115 S. Ct. 2159, 2167, 132 L. Ed. 2d 294 (1995). *See also United States v. Burke*, 504 U.S. 229, 233, 112 S. Ct. 1867, 119 L. Ed. 2d 34 (1992) (noting that I.R.C. § 61(a) "sweeps broadly" and includes all income "subject only to the exclusions specifically enumerated elsewhere in the Code"); *Comm'r v. Banks*, 543 U.S. 426, 433, 125 S. Ct. 826, 160 L. Ed.2d 859 (2005) ("*Banks II*") (noting that the definition of gross income "extends broadly to all economic gains not otherwise exempted"). Consistent with interpreting the definition of income broadly, the Supreme Court has "also emphasized the corollary to § 61(a)'s

broad construction, namely, the 'default rule of statutory interpretation that exclusions from income must be narrowly construed.'" *Schleier*, 515 U.S. at 328 (quoting *Burke*, 504 U.S. at 248 (Souter, J. concurring in judgment)). The Supreme Court's instructions to interpret § 61(a) broadly and exceptions narrowly have led courts to the conclusion that "subject to certain exemptions, which are to be construed narrowly, § 61(a) applies to all income, including settlement payments." *Polone v. Comm'r*, 505 F.3d 966, 969 (9th Cir. 2007).

The fact that the damages award is compensatory does not make it nontaxable. The Supreme Court has found compensatory settlement awards that are not otherwise excluded to be taxable as gross income under I.R.C. § 61(a). *See, e.g., Burke*, 504 U.S. at 233 ("[t]here is no dispute that the settlement awards in this case would constitute gross income within the reach of § 61(a)"); *Schleier*, 515 U.S. at 328 ("[r]espondent recognizes § 61(a)'s 'sweeping' definition and concedes that his settlement constitutes gross income unless it is expressly excepted by another provision in the Tax Code"). While the Supreme Court has never explicitly ruled that compensation received for personal injury is income pursuant to § 61(a), nothing in the Court's analysis of the scope of § 61(a) supports Petitioners' argument that the Court would come to a different conclusion in the context of personal injury awards than in the context of backpay. Settlement awards for back pay, like settlement awards for personal injury, are compensatory in nature because they make the recipient whole.

Furthermore, if damages awards received on account of personal injury were not income, there would be no need for the exclusion laid out in § 104(a)(2), which exempts from income taxation any damages received on account of personal physical injuries or physical sickness. *See Lukhard v. Reed*, 481 U.S. 368, 376 (1987) (rejecting the argument "that personal injury awards are

[generally] not treated as income under the Internal Revenue Code" and noting that "in each of these instances [where personal injury awards are excluded from § 61(a)] there is an *express* provision that personal injury awards are not to be treated as income–which causes them not only to fail to support the proposition that the term 'income' automatically excludes personal injury awards, but to support the opposite proposition that absent express exclusion it embraces them"). *See also Murphy v. I.R.S.*, 493 F.3d 170, 180 (D.C. Cir. 2007) (holding that money received in compensation for emotional injuries is taxable income pursuant to § 61 (a) because the 1996 amendments to § 104(a)(2) would make little sense if § 61(a) did not include compensation for personal injuries).

Accordingly, Mrs. Stadnyk's $49,000 settlement classifies as gross income under § 61(a), and Petitioners can only avoid paying taxes on the damages award if it falls under an exclusion.

## III. The Exclusion in I.R.C. § 104(a)(2)

The exclusion from § 61(a) at issue in the instant case is contained in § 104(a)(2), which permits taxpayers to exclude from income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2).

The Supreme Court has held that a taxpayer must meet two independent requirements before a recovery may be excluded under § 104(a)(2). "First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and second, the taxpayer must show that the damages were received on account of personal injuries or sickness." *Schleier*, 515 U.S. at 337 (internal quotations omitted). To satisfy the second prong, the taxpayer must present "concrete evidence demonstrating the precise causal connection" between the

7

taxpayer's asserted personal injuries and the settlement she received. *Banks v. Comm'r*, 345 F.3d 373, 378-79 (6th Cir. 2003) ("*Banks I*") (overruled on other grounds by *Banks II*) (citing *Greer*, 207 F.3d at 334).

In 1996, I.R.C. § 104(a)(2) was amended to add the word "physical" to the phrase "personal injuries or sickness." *See* Small Business Job Protection Act of 1996, Pub. L. No. 104-188, § 1605(a), 110 Stat. 1755, 1838. Prior to the amendment, I.R.C. § 104(a)(2) encompassed damages compensating all personal injuries, including non-physical injuries. *See Burke*, 504 U.S. at 235 n.6. However, the amendment to I.R.C. § 104(a)(2) expressly limits the type of damages excludable from income to those received "on account of personal physical injuries or physical sickness," and expressly states that emotional distress does not constitute a physical injury or sickness. Pub. L. No. 104-188, § 1605(a), 110 Stat. 1755, 1838.

Petitioners argue that their settlement award satisfies the two-part test laid out in *Schleier*, and, thus, may be excluded from taxation under § 104(a)(2).

### A. Prong One: Tort or Tort Type Right

Under the first prong, the question is whether Mrs. Stadnyk's claims against Bank One giving rise to her recovery are based upon tort or tort type rights. The mediation agreement between Mrs. Stadnyk and Bank One did not state what claims provided the basis for the settlement award, nor does the remainder of the record surrounding the settlement provide any insight. Thus, we must look to the complaint to shed light on what claims gave rise to the award. In Mrs. Stadnyk's First Amended Complaint, she alleged a number of tort claims against J.R. Maze and Nicholasville Auto,

including malicious prosecution, abuse of process, false imprisonment, defamation, and outrageous

conduct, and she repeated, realleged, and incorporated these claims by reference against Bank One.

By incorporating these claims by reference, Mrs. Stadnyk raised these tort claims against Bank One.

In addition, Mrs. Stadnyk alleged in her First Amended Complaint that Bank One breached

its fiduciary duty of care by improperly and negligently marking her check "NSF" for insufficient

funds. Kentucky's banking statutes recognize elements of both contract and tort law in the bank-

depositor relationship. Under Kentucky law, banks are required to exercise good faith and ordinary

care in the handling of customer accounts, thereby incorporating common law rules of negligence.

*See Bullitt County Bank v. Publisher's Printing Co.*, 684 S.W.2d 289, 291-92 (Ky. Ct. App. 1984);

*Pulliam v. Pulliam*, 738 S.W.2d 846, 849 (Ky. Ct. App. 1987); *American Nat'l Bank v. Morey*, 69

S.W. 759, 760 (Ky. 1902) (recognizing that a bank customer may have a tort claim against a bank

for the wrongful dishonor of a check). Furthermore, under Kentucky law, arrest is a reasonably

foreseeable consequence of a bank's wrongful dishonor, and a bank customer may sue for damages

resulting from an arrest over such an error. *See* Ky. Rev. Stat. § 355.4-402 ("A payor bank is liable

to its customers for damages proximately caused by the wrongful dishonor of an item. Liability is

limited to actual damages proved and may include damages for an arrest or prosecution of the

customer or other consequential damages.").

Based on these Kentucky banking laws and the circumstances of this case, the Tax Court

found that Mrs. Stadnyk's independent claims against Bank One sounded in tort:

> It is incorrect to characterize [Mrs. Stadnyk's] complaint against Bank One as a
> contract claim or merely a dispute over the wrongful dishonor of a check. Rather,
> [Mrs. Stadnyk] decided to sue Bank One because of the ordeal she suffered as a result
> of her arrest and detention. [Mrs. Stadnyk] did not suffer an economic loss from

Bank One's alleged mishandling of her check. She did not sue Bank One to recover on economic rights arising from a contract with Bank One. [Mrs. Stadnyk] sought damages against Bank One that resulted from her arrest, detention, and indictment.

(App. at 85-86.) We agree with the Tax Court's analysis. Based on the finding that Mrs. Stadnyk alleged tort claims against Bank One in her complaint, we conclude that Mrs. Stadnyk's settlement with Bank One was based on tort or tort type rights.

## B. Prong Two: "On Account of Personal Physical Injuries"

Having satisfied the first prong, to obtain an exclusion under § 104(a)(2), Mrs. Stadnyk must show that she sustained the damages on account of personal physical injuries or sickness. Under the 1996 Amendment, I.R.C. § 104(a)(2) expressly limits the type of damages excludable from income to personal *physical* injuries or *physical* sickness and expressly states that emotional distress does not constitute a physical injury or sickness. Pub. L. No. 104-188, § 1605(a), 110 Stat. 1755, 1838. Kentucky courts have defined false imprisonment as "any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise." *Grayson Variety Store, Inc. v. Shaffer*, 402 S.W.2d 424, 425 (Ky. 1966). The tort of false imprisonment protects personal interest in freedom from physical restraint; the interest is "in a sense a mental one" and the injury is "in large part a mental one." *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. Ct. App. 2001).

During her deposition, Mrs. Stadnyk testified that she did not suffer any physical injury as a result of her arrest and detention. According to Mrs. Stadnyk, nobody carrying out her arrest or detention put their hands on her, grabbed her, jerked her around, bruised her, or hurt her. Petitioners' brief concedes that the actions of the police were proper and that Mrs. Stadnyk presumes that she

was treated in the same manner as anyone else arrested for passing a bad check. Nothing in the record suggests that Mrs. Stadnyk suffered physical, as opposed to emotional, injuries as a result of Bank One's actions.

The Tax Court correctly noted that "[t]he damages sought by [Mrs. Stadnyk] against Bank One are stated in terms of recovery for nonphysical personal injuries: [e]motional distress, mortification, humiliation, mental anguish, and damage to reputation." (App. at 88). These are all emotional injuries, and are thus not excludable under § 104(a)(2). *See Sanford v. Comm'r*, 95 T.C.M. (CCH) 1618 (2008) (settlement award for emotional distress relating to sexual harassment and discrimination claims is not excludable); *Polone v. Comm'r*, 86 T.C.M. (CCH) 698 (2003) (settlement award for defamation claim is not excludable), *aff'd* 505 F.3d 966 (9th Cir. 2007); *Venable v. Comm'r*, 86 T.C.M. (CCH) 254 (2003) (settlement payment for mental anguish and loss of reputation relating to malicious prosecution claim is not excludable), *aff'd* 110 Fed. App'x 421 (5th Cir. 2004).

However, despite Mrs. Stadnyk's testimony, Petitioners argue that Mrs. Stadnyk suffered a physical injury because "[p]hysical restraint and detention and the resulting deprivation of [Mrs. Stadnyk's] personal liberty is [itself] a physical injury . . . that Mrs. Stadnyk endured for an eight hour period." (Pets.' Br. at 15.) Petitioners further argue that Mrs. Stadnyk suffered physical damages in addition to emotional damages because "to be falsely imprisoned, the person must first be physically restrained or held against their will" and "[t]hus the damages received from false imprisonment arise from the person's physical loss of their freedom and the mental suffering and humiliation that accompany this deprivation." (Pets.' Br. at 15.)

In other words, Petitioners are asking the Court to create a *per se* rule that every false imprisonment claim necessarily involves a physical injury, even though physical injury is not a required element of false imprisonment under Kentucky law. To be sure, a false imprisonment claim may cause a physical injury, such as an injured wrist as a result of being handcuffed. But the mere fact that false imprisonment involves a physical act–restraining the victim's freedom–does not mean that the victim is *necessarily* physically injured *as a result of* that physical act. In the instant case, Mrs. Stadnyk unequivocally testified that she suffered no physical injuries as a result of her physical restraint. Thus, Petitioners have failed to establish that Mrs. Stadnyk suffered from personal physical injuries or physical sickness.

In addition, the Supreme Court has construed the "on account of" phrase to require a direct causal link between the physical injury and the damages recovery in order to qualify for the income exclusion. *See Schleier*, 515 U.S. at 329-31. This direct causal connection must be more than a "but for" link, because a "but for" analysis would "bring virtually all personal injury lawsuit damages within the scope of the provision, since: but for the personal injury, there would be no lawsuit, and but for the lawsuit, there would be no damages." *O'Gilvie v. United States*, 519 U.S. 79, 82, 117 S.Ct. 452, 136 L. Ed. 2d 454 (1996) (internal quotation marks omitted). Rather, the "on account of" phrase requires that the damages be awarded by reason of, or because of, a personal physical injury. *Id.* at 83. *See also Greer*, 207 F.3d at 327 (requiring that "the agreement was executed 'in lieu' of the prosecution of the tort claim and 'on account of' the personal injury"). Petitioners bear the burden of "present[ing] concrete evidence demonstrating the precise causal connection" between the personal physical injuries and the settlement payment. *Id.* at 334.

12

The settlement agreement does not include any express language of purpose. It only provides that "Bank One shall pay the total sum of $49,000" and that the "suit shall be dismissed with prejudice." (App. at 206). Petitioners' only evidence arguably supporting the purpose necessary for exclusion under § 104(a)(2) is Mrs. Stadnyk's testimony that her attorney, the attorney for Bank One, and the mediator all advised her that the settlement proceeds would not be subject to income tax. However, even assuming the attorneys did give her this advice, there is no evidence concerning the basis for the advice. The attorneys may have advised Mrs. Stadnyk based on any number of incorrect beliefs, such as the belief that all personal injury awards are excludable from income, as Petitioner argues here, or the belief that a physical injury was unnecessary. Given that the settlement agreement included no indication that Bank One paid the settlement on account of any physical injury and that all of Mrs. Stadnyk's damages were stated in terms of emotional distress, Petitioners have failed to offer any concrete evidence demonstrating a causal connection between any physical injury and the settlement award.

Thus, Petitioner's settlement award may not be excluded from taxation under § 104(a)(2).

## IV. The Constitutionality of I.R.C. § 104(a)(2)

Petitioners argue that § 104(a)(2), as amended by Congress in 1996, violates the Sixteenth Amendment to any extent that it purports to subject compensation for personal injuries to income tax. According to Petitioners, the Sixteenth Amendment only allows Congress to impose a tax on "incomes," and a personal injury recovery is not income because it is not an accession to wealth. In arguing that Congress cannot comply with the Sixteenth Amendment by subjecting a personal injury recovery to income tax, Petitioners have recycled their argument that a personal injury award

13

does not classify as income because it is compensatory rather than an accession to wealth. Thus, given our conclusion that a personal injury award is income under § 61(a), we must also reject Petitioner's related constitutional argument. *See Murphy*, 493 F.3d at 186.

In the alternative, Petitioners argue in the last two sentences of their brief that § 104(a)(2) is unconstitutional because it is a direct tax and is nonapportioned. Because Petitioners did not raise thus argument below, it is waived. *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006). Furthermore, Petitioner's conclusory assertion is not enough to raise the issue now. *Leary v. Livingston County*, 528 F.3d 438, 449 (6th Cir. 2008) ("It is a settled appellate rule that issues averred in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

However, assuming Petitioners have properly presented this argument, it is meritless. Even if the Court were to find that the damages award is not income within the meaning of the I.R.C. § 61(a) and the Sixteenth Amendment, a tax on Mrs. Stadnyk's settlement award would only be unconstitutional if it were a direct tax requiring apportionment or not uniform. *See* U.S. Const. art. I, § 8 ("all duties, imposts, and excises shall be uniform throughout the United States"); U.S. Const. art. I, § 9 ("No capitation, or other direct, tax shall be laid, unless in proportion to the census or enumeration herein before directed to be taken.").

The tax on Petitioner's damages award is not a direct tax. Only three taxes are definitively known to be direct: (1) a capitation, (2) a tax upon real property, and (3) a tax upon personal property. *See Murphy*, 493 F.3d at 181. However, a tax on damages sustained on account of personal injury is not a tax on property; rather, it is a tax on the *receipt* of a damages award. *Id.* at

184 ("it does not appear that this tax is upon ownership; rather, as the Government points out, [the taxpayer] is taxed only after she receives a compensatory award, which makes the tax seem to be laid upon a transaction"). Thus, it need not be apportioned. *See Tyler v. United States*, 281 U.S. 497, 502, 50 S. Ct. 356, 4 L. Ed. 991 (1930) ("A tax laid upon the happening of an event, as distinguished from its tangible fruits, is an indirect tax which Congress . . . undoubtably may impose.").

Moreover, so long as Congress has the power to levy the tax, it is irrelevant whether it was proper for the tax to be labeled income tax or collected pursuant to § 61(a). *See Penn Mut. Indemn. Co. v. Comm'r*, 277 F.2d 16, 20 (3d Cir. 1960) ("[i]t is not necessary to uphold the validity of the tax imposed by the United States that the tax itself bear an accurate label"); *Simmons v. United States*, 308 F.2d 160, 166 n.21 (4th Cir. 1962) ("if Congress has the power to impose the tax in question, it is not material that it call the tax one on income, for it has been clearly established that the labels used do not determine the extent of the taxing power").

Finally, even assuming the tax in this case is an excise subject to the uniformity requirement, the tax in this case meets this standard. *See United States v. Ptasynski*, 462 U.S. 74, 82, 103 S. Ct. 2239, 76 L. Ed. 2d 427 (1983) ("tax is uniform when it operates with the same force and effect in every place where the subject of it is found") (internal citations and quotations omitted).

Thus, the Tax Court did not err by concluding that I.R.C. § 104(a)(2) does not violate the Constitution.

**CONCLUSION**

Because the Tax Court properly found that Petitioners owe income taxes on the damages award received pursuant to their settlement with Bank One and that I.R.C. § 104(a)(2) does not violate the Constitution, we **AFFIRM** the Tax's Court's order.