T.C. Memo. 2010-53

UNITED STATES TAX COURT

ISIDRA ELIZABETH ESPINOZA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28320-08.                    Filed March 22, 2010.

Isidra Elizabeth Espinoza, pro se.

Brooke S. Laurie, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $9,078 in petitioner's 2006 Federal income tax and an accuracy-related penalty of $1,816 under section 6662(a).  The issues for decision are whether petitioner may, pursuant to section 104, exclude settlement proceeds from her gross income, and whether petitioner is liable for an accuracy-related penalty under section 6662.

All section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time she filed her petition.

Petitioner worked for the Texas Department of Human Services from 1990 to 2002. During the course of her employment, petitioner suffered from emotional distress and incurred various medical expenses. Petitioner commenced a suit against the Texas Department of Human Services in the District Court of Hidalgo County, Texas, alleging that she was subject to illegal discrimination based on her gender, religion, and national origin, as well as retaliation.

As the suit dragged on, petitioner's husband, Manuel Espinoza, discussed with petitioner's counsel, Jesus Villalobos, a personal injury attorney, the possibility of settling with the Texas Health and Human Services Commission, the successor agency to the Texas Department of Human Services. Mr. Espinoza calculated the total cost of petitioner's medical bills to be $50,000 and offered to settle with the Texas Health and Human Services Commission for that amount. Villalobos represented to Mr. Espinoza that the settlement amount would not be taxable, so

there was no need to increase the settlement amount to account for Federal income tax.

Between December 13, 2005, and January 27, 2006, petitioner and the Texas Health and Human Services Commission executed a release and settlement agreement. The agreement stated:

1. This agreement, or any action taken pursuant to this agreement, shall not constitute an admission of liability by any party, and all liability is expressly denied. This agreement is entered into to resolve and settle all differences, disputes, and controversies between the parties, to compromise and settle doubtful and disputed claims, to avoid further litigation, and to facilitate peace. This agreement specifically does not represent an admission by any party of the merit or lack of merit of the claims made by the Plaintiff against the Defendant, nor shall this agreement or any actions taken pursuant to this agreement be admissible in any proceeding for the purpose of showing the merit or lack of merit of those claims.

2. In full and final settlement and compromise of all claims, but without admitting liability therefore [sic], Defendant agrees to pay Espinoza * * * a total amount of Fifty Thousand Dollars ($50,000). The parties will pay their own costs.

The settlement agreement does not identify any reasons for the settlement payment other than those listed in the first paragraph. Nor does the settlement agreement dictate how the money is to be spent. Notwithstanding, petitioner believed that the settlement proceeds were reimbursement for all of her medical costs incurred as a result of the discrimination.

Petitioner received the $50,000 settlement in 2006 along with a Form 1099-MISC, Miscellaneous Income, from the Health and Human Services Commission. On May 10, 2007, the Internal Revenue

Service received petitioner's Form 1040, U.S. Individual Income Tax Return, for 2006, which petitioner submitted using the status of married filing separately. Petitioner's Form 1040 was prepared by a paid return preparer. Petitioner and her husband told the return preparer that the settlement proceeds were paid to compensate petitioner for medical costs as a result of her medical condition. The return preparer did not include the settlement proceeds in petitioner's gross income.

OPINION

The Settlement Proceeds

The definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992). Absent an exception by another statutory provision, settlement proceeds must be included in gross income. Commissioner v. Schleier, supra; United States v. Burke, supra.

Section 104(a)(2) excepts from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". Although emotional distress is not treated as a physical injury or physical sickness, the cost of medical care attributable to emotional distress is. Sec. 104(a) (flush

language); see Stadnyk v. Commissioner, T.C. Memo. 2008-289, affd. without published opinion No. 09-1485 (6th Cir., Feb. 26, 2010).

To justify exclusion from income under section 104, petitioner must show that her settlement proceeds were in lieu of damages for physical injuries or physical sickness. See Green v. Commissioner, 507 F.3d 857, 867 (5th Cir. 2007), affg. T.C. Memo. 2005-250; Bagley v. Commissioner, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997); sec. 1.104-1(c), Income Tax Regs. The nature of the settlement is a question of fact. Green v. Commissioner, supra at 866-867. "Ultimately, the character of the payment hinges on the payor's dominant reason for making the payment." Id. at 868. "We first look to the language of the agreement itself for indicia of purpose." Id. at 867. Where the agreement does not mention purpose, the Court may look at other facts that reveal the payor's intent, such as the amount paid, the evidence adduced at trial, and the factual circumstances that led to the agreement. Id. We recognize that Green and Bagley were decided under section 104 before it was amended in 1996. However, their holding regarding the characterization of settlement proceeds in lieu of damages remains good law. See Save v. Commissioner, T.C. Memo. 2009-209.

The settlement agreement between petitioner and the Texas Health and Human Services Commission does not allocate

petitioner's proceeds to a claim of personal physical injury or physical sickness. The agreement does not specify any particular claim motivating the settlement. It therefore fails to allocate between claims that qualify and claims that do not qualify under section 104.

Petitioner argues that the Texas Department of Human Services, the Texas Health and Human Services Commission, and the Texas Attorney General's Office were well aware of her physical injuries. However, petitioner has failed to present objective and credible evidence that the Texas Health and Human Services Commission intended that any part of petitioner's settlement proceeds be allocated to her medical expenses and therefore has not shifted the burden of proof to respondent under section 7491(a). In any event, the preponderance of the evidence is that the settlement was unallocated among multiple claims, many of which were not for physical injuries or physical sickness. We must conclude on the evidence that the settlement proceeds are includable in petitioner's income for 2006.

The Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations, or substantial understatement of income tax. Section 6662(d)(1)(A) defines "substantial understatement of

income tax" as an amount exceeding the greater of 10 percent of the tax required to be shown on the return or $5,000. Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Respondent has satisfied the burden of production by showing that there is a substantial understatement, because the amount of the understatement, $9,078, exceeds 10 percent of the tax required to be shown on the return and is greater than $5,000.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest

misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Reliance on professional advice may constitute reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner has convinced us that she acted with reasonable cause and in good faith. Petitioner has no experience or education in tax law. She relied upon the advice of Villalobos, who told her that the settlement would not be taxable. Although Villalobos does not have tax experience, he is a personal injury attorney, and it is reasonable for petitioner to assume that he would be familiar with the Federal income tax consequences of personal injury settlements. See Stadnyk v. Commissioner, supra. Furthermore, petitioner believed that the settlement was to compensate her for her physical injuries. This belief was reinforced by the numerous medical expenses petitioner incurred. We find that petitioner's mistaken belief that the settlement proceeds were compensation for physical injuries was reasonable in the light of the circumstances. Petitioner acted reasonably and in good faith when she told her return preparer that the

settlement proceeds were paid on account of physical injury.  See Shelton v. Commissioner, T.C. Memo. 2009-116; Pettit v. Commissioner, T.C. Memo. 2008-87.  We therefore conclude that petitioner has demonstrated reasonable cause for failing to report the settlement proceeds as income and that she acted in good faith.  She is therefore not liable for the accuracy-related penalty.

In reaching our decision, we have considered all arguments made by the parties.  To the extent not mentioned or addressed, they are irrelevant or without merit.

For the reasons explained above,

Decision will be entered

under Rule 155.