T.C. Memo. 2012-333

UNITED STATES TAX COURT

KENNETH R. HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18413-10.                    Filed December 3, 2012.

<u>Wilfred I. Aka</u>, for petitioner.

<u>Michael W. Tan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2008

Federal income tax of $177,847 and additions to tax of $40,016, $11,560, and

**[*2]** $5,716 under sections 6651(a)(1) and (2) and 6654(a), respectively.[1] After concessions by respondent,[2] the issues for decision are: (1) whether, under section 104(a)(2), petitioner may exclude from income a settlement payment of $577,069 (settlement amount) that he received in 2008; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in California when he petitioned this Court.

On September 26, 2007, petitioner entered into a settlement agreement with several defendants in a lawsuit to which petitioner was a party. The lawsuit was brought by petitioner and another plaintiff to recover damages they sustained in a fire that destroyed, among other things, petitioner's bee farm (Bee Canyon Ranch) in Saugus, California, in 2002.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

[2]Respondent concedes that petitioner is entitled to (1) a theft loss deduction of $498,668, (2) single filing status, (3) the standard deduction, and (4) a personal exemption for 2008.

**[*3]** The settlement agreement provided that the settlement amount was in complete satisfaction of the claims asserted in the plaintiffs' lawsuit but did not specify or allocate the payment to any of the plaintiffs' particular claims or allegations. The plaintiffs' complaint in the lawsuit alleged, in relevant part, that the following occurred as a result of the defendants' negligence: (1) petitioner was "hurt and injured in * * * [his] health, strength, and activity, sustaining injury to * * * [his] nervous system and person, all of which injuries have caused, and continue to cause * * * great mental, physical, emotional, and nervous pain and suffering"; (2) petitioner's "earning capacity has been and will be greatly impaired"; (3) petitioner's "thriving bee keeping business and facility at the Bee Canyon Ranch, which included, but is not limited to, many vehicles, hives, harvesting equipment, storage units, and other various equipment and inventory, were destroyed beyond repair"; and (4) petitioner "has lost and continues to lose the use of the bee keeping facility".

In February 2008 petitioner received a check for $577,069 from Felahy & Associates, LLC (Felahy), representing his share of the settlement with respect to the litigation.

Petitioner failed to timely file a Form 1040, U.S. Individual Income Tax Return, for 2008 and failed to make any estimated payments for 2008.

**[*4]** Respondent prepared a substitute for return pursuant to section 6020(b) and determined a deficiency in petitioner's income tax.

On September 13, 2011, we called this case for trial. Following trial, we held the record open until November 21, 2011, to allow petitioner to submit to respondent certain documents regarding the purported embezzlement of the settlement amount in 2008. On October 26, 2011, petitioner submitted to respondent documentation with respect to the embezzlement, and although petitioner failed to raise the issue in his petition or in his pretrial memorandum, respondent has conceded that petitioner is entitled to a $498,668 theft loss deduction for 2008.

Subsequently, we directed the parties to file briefs in this case. Petitioner failed to file a brief.

OPINION

I.    <u>Whether the Section 104(a)(2) Exemption Applies</u>

    A.    <u>Burden of Proof</u>

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). If,

[*5] however, a taxpayer produces credible evidence[3] with respect to any factual issue relevant to ascertaining the taxpayer's tax liability for any tax imposed by subtitle A or B and satisfies the requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner. Sec. 7491(a)(1). Section 7491(a)(2) requires a taxpayer to demonstrate that he (1) complied with requirements under the Code to substantiate any item, (2) maintained all records required under the Code, and (3) cooperated with reasonable requests by the Secretary[4] for witnesses, information, documents, meetings, and interviews. See also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) applies, and we find that he did not satisfy the section 7491(a)(2) requirements. Accordingly, petitioner bears the burden of proof as to any disputed factual issue. See Rule 142(a).

The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), has

---

[3]"'Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'" Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

[4]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

**[*6]** held that for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), or demonstrating that the taxpayer actually received the unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the Commissioner's determination was arbitrary or erroneous. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Petitioner concedes that he received the settlement amount from Felahy in 2008. Accordingly, petitioner bears the burden of showing that the settlement amount was not taxable income. Id.

B.      Section 104(a)(2)

Petitioner contends that he may exclude the settlement amount from gross income under section 104(a)(2).[5]

---

[5]As discussed above, petitioner failed to file a brief. We could declare petitioner in default and dismiss his case. See Rule 123(a); Stringer v.

(continued...)

**[\*7]**   Generally, section 61(a) provides that gross income includes "all income from whatever source derived" unless excluded by a specific provision of the Code.  This section is construed broadly to encompass any accession to a taxpayer's wealth. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  Exclusions from gross income are construed narrowly to maximize the taxation of any accession to wealth.  Burke, 504 U.S. at 248 (Souter, J., concurring).

Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  To be eligible for the section 104(a)(2) exclusion, a taxpayer must demonstrate that (1) the underlying cause of action giving rise to the recovery is based in tort or tort-type rights, and (2) the damages were received on

---

[5](...continued)
Commissioner, 84 T.C. 693, 704-708 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986).  We could also conclude that petitioner abandoned his claims after trial and decide this case against petitioner because he failed to meet his burden of proof.  See Rule 123(b); Calcutt v. Commissioner, 84 T.C. 716, 721-722 (1985).  We choose, instead, to decide the case on the merits.  See, e.g., Stanwyck v. Commissioner, T.C. Memo. 2012-180, 103 T.C.M. (CCH) 1955, 1957 (2012); AmeriSouth XXXII, Ltd. v. Commissioner, T.C. Memo. 2012-67, 103 T.C.M. (CCH) 1324, 1327 (2012).

**[\*8]** account of personal physical injuries or physical sickness.  See <u>Commissioner v. Schleier</u>, 515 U.S. at 337.  Where damages are received pursuant to a settlement agreement, the nature of the claim that was the basis for the settlement determines whether the damages are excludable from gross income under section 104(a)(2).  <u>Burke</u>, 504 U.S. at 237.  The determination of the underlying nature of the claim is factual and generally is made by reference to the settlement agreement in the light of the surrounding circumstances.  <u>Rivera v. Baker West, Inc.</u>, 430 F.3d 1253, 1257 (9th Cir. 2005); <u>Robinson v. Commissioner</u>, 102 T.C. 116, 126 (1994), <u>aff'd in part, rev'd in part and remanded on another issue</u>, 70 F.3d 34 (5th Cir. 1995); <u>Seay v. Commissioner</u>, 58 T.C. 32, 37 (1972).

An express allocation in the settlement agreement of a portion of the proceeds to tort or tort-type claims is generally binding for tax purposes if the parties entered into the agreement at arm's length and in good faith.  <u>Bagley v. Commissioner</u>, 105 T.C. 396, 406-407 (1995), <u>aff'd</u>, 121 F.3d 393 (8th Cir. 1997); <u>Robinson v. Commissioner</u>, 102 T.C. at 126-127.  If the settlement agreement lacks an express statement of the nature of the claim, we look to the intent of the payor, which we determine on the basis of all the facts and circumstances of the case, including the complaint that was filed and the details surrounding the litigation.  <u>Rivera</u>, 430 F.3d at 1257; <u>Knuckles v. Commissioner</u>, 349 F.2d 610,

[*9] 613 (10th Cir. 1965), aff'g T.C. Memo. 1964-33; Robinson v. Commissioner, 102 T.C. at 127.

The settlement agreement lacks an express statement of the nature of the claim that was the basis for the settlement. Accordingly, we look to the intent of the payor, considering the complaint and the details surrounding the litigation. See Knuckles v. Commissioner, 349 F.2d at 613.

The complaint shows that the claim that was the basis of the settlement amount was a tort or tort-type claim. See Commissioner v. Schleier, 515 U.S. at 337. However, the complaint does not show whether the claim that was the basis of the settlement amount was for personal physical injuries, such that the settlement amount would be excludable, see sec. 104(a)(2), or for damage to property or nonphysical injuries, such that the settlement amount would be nonexcludable, see id. We note, however, that the complaint does not allege that petitioner incurred compensable medical expenses.

Petitioner testified that he was in Whittier, California, on the day that the fire destroyed the Bee Canyon Ranch. Petitioner testified that he suffered stress from seeing the destruction caused by the fire and breathing problems from inhaling the dust and ash caused by the fire. He also testified that he developed a

**[*10]** rash from being exposed to the ash.  However, petitioner testified that he did not visit a doctor regarding either his breathing problems or the rash.

Petitioner testified that the fire destroyed property located on the Bee Canyon Ranch as follows:  (1) 2 homes; (2) around 40 vehicles, including cars, pickup trucks, ton-and-a-half trucks, 2-ton trucks, cranes, tractors, and skip loaders; (3) around 5 semitrailers used for storage; (4) around 600 hives; and (5) additional bee-farming equipment and supplies.

Taken together, the complaint and the circumstances surrounding the lawsuit demonstrate that the settlement amount was intended to compensate petitioner for the extensive property damage and the loss of income that he suffered as a result of the fire.  Petitioner has failed to introduce credible evidence that any part of the settlement amount was intended to compensate him for personal physical injuries that he may have suffered as a result of the fire.  See Rule 142(a); Espinoza v. Commissioner, T.C. Memo. 2010-53, 99 T.C.M. (CCH) 1219, 1220-1221 (2010), aff'd, 636 F.3d 747 (5th Cir. 2011).  Accordingly, we conclude that petitioner must include the settlement amount in his income for 2008.[6]

---

[6]In his pretrial memorandum petitioner contended that he is entitled to a deduction for expenses relating to the settlement amount.  Petitioner did not allege

(continued...)

[*11] II.     Additions to Tax

Respondent determined that petitioner is liable for additions to tax for 2008 under sections 6651(a)(1), for failure to timely file a valid return; 6651(a)(2), for failure to timely pay tax shown on a return; and 6654, for failure to pay estimated tax. Although the Commissioner ordinarily has the burden of production with respect to additions to tax, see sec. 7491(c), petitioner did not assign any error in the petition with respect to the additions to tax. Because petitioner did not contest the additions to tax in the petition, we deem them conceded. See Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358, 363-364 (2002).

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and respondent's concessions,

Decision will be entered

under Rule 155.

---

[6](...continued)
in his petition that he was entitled to deduct any expenses relating to the settlement amount, nor did he introduce any credible evidence at trial regarding any such expenses. Because petitioner failed to allege in the petition that he was entitled to deduct expenses relating to the settlement amount, we deem any such expenses conceded. See Rule 34(b)(4).